```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

WRIGHT INSURANCE AGENCY,
INC., et al.,

        Plaintiffs,
v.                                  Case No. 8:15-cv-1857-T-33JSS

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

        Defendant.
_____/
```

**ORDER**

This cause is before the Court pursuant to Defendant's Motion to Dismiss Amended Complaint (Doc. # 17), filed on September 21, 2015, to which Plaintiffs respond in opposition (Doc. # 24). On February 29, 2016, the Court heard argument on the Motion and directed the parties to file supplemental briefs. (Doc. ## 40, 42). On March 14, 2016, Defendant and Plaintiffs filed their respective briefs. (Doc. ## 43, 44). For the reasons that follow, the Motion is granted, to the extent that the case is remanded to state court.

**I.   Background**

Plaintiffs Wright Insurance Agency, Inc. and Anthony Wright originally filed this action in state court, requesting a declaration that their insurer, Defendant Nationwide Mutual Fire Insurance Company, acted in bad faith while handling a third-party injury claim. (Doc. # 2). Invoking this Court's diversity jurisdiction, Nationwide removed the action on

August 10, 2015. (Doc. # 1). On September 8, 2015, Plaintiffs filed their Amended Complaint. (Doc. # 9).

Plaintiffs allege that Nationwide issued an insurance policy providing Plaintiffs up to $100,000.00 in bodily-injury liability coverage. (Id. at ¶ 20). On June 12, 2001, Plaintiff Anthony Wright was involved in an automobile collision that injured Michelle Wesbey. (Id. at ¶ 4). Wesbey filed an action against Plaintiffs in state court ("the underlying case"). (Id. at ¶ 5).

On April 24, 2011, the parties agreed to resolve the underlying case by signing a Stipulation and Joint Motion to Stay ("the Stipulation"). (Id. at ¶ 7). On April 16, 2012, the state court approved the Stipulation. (Id. at ¶ 8; Exh. A at 1). The parties agree that the Stipulation includes a variant of a "Cunningham agreement," which permits the prosecution of a bad-faith claim before liability in the underlying case is established. (Doc. # 43 at 4; Doc. # 44 at 2); see Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179 (Fla. 1994).

Plaintiffs allege that, under the terms of the Stipulation, Nationwide agreed to tender the remaining policy limits of $99,969.40 to Wesbey within 20 days of the date the Court approved the Stipulation. (Doc. # 9 at ¶ 9). The funds were not tendered until after August 20, 2012. (Id. at ¶ 10).

2

In Count I, Plaintiffs request a declaration that Nationwide owes interest on the funds pursuant to Fla. Stat. § 627.4265, which provides that when an insurer fails to timely pay settlement funds, interest accrues at 12% per year. (Id. at 3). In Count II, Plaintiffs request a damages judgment of $15,217.26, representing the amount of statutory interest allegedly due. (Id. at 4).

In Count III, Plaintiffs request a declaration that Nationwide acted in bad faith in handling Wesbey's claims. (Id. at 8). Plaintiffs allege that Nationwide breached its duty of good faith by failing to investigate Wesbey's claims, failing to affirmatively initiate settlement negotiations, failing to conduct settlement negotiations in good faith, failing to settle the claims within the policy limits when it should have done so, failing to handle Wesbey's claims fairly and honestly, failing to advise Plaintiffs of settlement opportunities, failing to advise Plaintiffs of the likelihood of an excess verdict, and failing to adopt proper claims-handling procedures. (Id. at ¶ 27). Plaintiffs allege that Wesbey's claims "resulted in damages which exceeded their policy limits by $450,000.00, resulting in the functional equivalent of an excess judgment in favor of Michelle Wesbey." (Id. at ¶ 24).

Nationwide moves to dismiss Counts I and II for lack of

standing. (Doc. # 17 at 4-6). Nationwide moves to dismiss Count III for failure to state a claim. (Id. at 6-12). The Motion is now ripe for this Court's review.

## II. Legal Standard

Although Nationwide's Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for lack of standing attacks subject matter jurisdiction and is properly brought pursuant to Rule 12(b)(1). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 807 n.8 (11th Cir. 1993). A motion to dismiss for lack of subject matter jurisdiction may attack jurisdiction facially or factually. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Nationwide's Motion is a facial attack, which affords Plaintiffs safeguards similar to those provided in a Rule 12(b)(6) motion. Id. at 1529. The allegations in the Amended Complaint are accepted as true, and all inferences are construed in favor of Plaintiffs. Id.; Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury, 773 F.3d 243, 245 (11th Cir. 2014).

In order to establish Article III standing, a plaintiff must demonstrate: "(1) an injury in fact that is concrete, particularized, and either actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that a favorable judicial decision will

4

redress the injury." Kawa Orthodontics, LLP, 773 F.3d at 245 (internal quotation marks omitted). In addition to the Article III requirements, standing includes prudential considerations, including "whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties." Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994). In a case removed from state court, the party asserting federal jurisdiction when it is challenged bears the burden of demonstrating standing. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006).

### III. Analysis

#### A. Claims for statutory interest (Counts I and II)

With respect to Plaintiffs' claims for statutory interest under Fla. Stat. § 627.4265, Nationwide persuasively argues that Plaintiffs fail to allege an injury-in-fact, under the first prong of the standing inquiry. (Doc. # 17 at 4-6). In relevant part, Section 627.4265 provides:

> In any case in which a person and an insurer have agreed in writing to the settlement of a claim, the insurer shall tender payment according to the terms of the agreement no later than 20 days after such settlement is reached. . . . [I]f the payment is not tendered within 20 days, or such other date as the agreement may provide, it shall bear interest at a rate of 12 percent per year from the date of the agreement[.]

Fla. Stat. § 627.4265.

The Stipulation required Nationwide to tender $99,969.40 to Wesbey, not to the Plaintiffs. (Doc. # 9 at ¶ 9). Plaintiffs allege no facts indicating that Nationwide's alleged failure to pay Wesbey in a timely fashion resulted in an injury to Plaintiffs, economic or otherwise. Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004) ("A plaintiff must point to some type of cognizable harm, whether such harm is physical, economic, reputational, contractual, or even aesthetic."). As a result, Plaintiffs fail to allege the requisite "particularized" injury that affects Plaintiffs "in a personal and individual way." Id. (internal quotation marks omitted).

To the extent that Wesbey, herself, sustained such an injury, the prudential constraints of Article III generally prohibit a plaintiff from asserting the rights of a third party. In re Checking Account Overdraft Litig., 780 F.3d 1031, 1038 (11th Cir. 2015). While there are limited exceptions to that rule,[1] none of which Plaintiffs advance, a litigant asserting third-party standing must still allege "a

---

[1] For instance, "if the party asserting the right has a close relationship with the person who actually possesses the right, and if the possessor of the right is somehow hindered in his ability to protect his own interests, then courts may grant a third party standing." In re Checking Account Overdraft Litig., 780 F.3d at 1038. The Amended Complaint alleges no hindrance to Wesbey attempting to recover the unpaid interest on her own, such as by filing a motion in the underlying case. E.g., Thomas v. Reeves Se. Corp., 472 So. 2d 493, 493 (Fla. 5th DCA 1985).

6

sufficiently concrete interest in the outcome of the issue in dispute." Hollingsworth v. Perry, 133 S. Ct. 2652, 2663 (2013).

Rather than addressing Article III standing requirements, Plaintiffs rely on Allstate Insurance Co. v. Kaklamanos, 843 So. 2d 885 (Fla. 2003), in which the Florida Supreme Court held that an insured had standing to pursue his insurer for amounts owed to the insured's medical providers. (Doc. # 44 at 3). As an initial matter, Kaklamanos is distinguishable on its facts, as the insured had potentially suffered both economic and non-economic injuries. 843 So. 2d at 892-93, 897. More important, "standing in federal court is a question of federal law, not state law." Hollingsworth, 133 S. Ct. at 2667. In finding that the insured possessed standing under state law, the Florida Supreme Court expressly distinguished federal cases, observing that "the doctrine of standing does not exist in Florida in the rigid sense employed in the federal system." Kaklamanos, 843 So. 2d at 894-95 (internal quotation marks omitted).

Plaintiffs also argue that, if they have standing to pursue a bad-faith action against Nationwide, they should, as a practical matter, have standing to pursue a related claim for statutory interest. (Doc. # 44 at 3). As explained below, Plaintiffs fail to allege standing to pursue their bad-

7

faith claim. Moreover, it is well-settled that Article III requires a plaintiff to prove that he has standing "for each claim he seeks to press." DaimlerChrysler Corp., 547 U.S. at 352; Jackson v. Okaloosa County, 21 F.3d 1531, 1536 (11th Cir. 1994).

Based on the foregoing, Nationwide's Motion to Dismiss Counts I and II is due to be granted, to the extent that the Court finds that Plaintiffs fail to allege standing to sue. Because Plaintiffs similarly fail to allege standing to sue under Count III, this action will be remanded to state court, rather than dismissed.

### B. Claim for declaratory judgment (Count III)

In Count III, Plaintiffs request a declaration that Nationwide committed common-law bad faith in handling Wesbey's claims. (Doc. # 9 at 8). Nationwide contends that the federal Declaratory Judgment Act governs this claim and argues that Plaintiffs fail to allege an "actual controversy" regarding the parties' "rights and other legal relations" sufficient to state a claim under 28 U.S.C. § 2201.[2]

---

[2] Plaintiffs' original complaint requested a declaratory judgment pursuant to Chapter 86 of the Florida Statutes, which authorizes state courts to issue declaratory judgments. Fla. Stat. § 86.011. (Doc. # 2 at ¶ 1). The Amended Complaint does not specify whether Count III is brought under 28 U.S.C. § 2201 or Florida law. Nationwide fails to acknowledge that district courts in Florida are split on the issue of whether 28 U.S.C. § 2201 or Fla. Stat. § 86.011 governs in cases premised on diversity jurisdiction. Diamond State Ins. Co. v. Boys' Home Ass'n, Inc., No. 3:13-CV-457-J-34PDB, 2014 WL 4626597, at *2 (M.D. Fla. Sept. 16, 2014).

(Doc. # 17 at 8-12). Nationwide maintains that the fact-intensive question of whether it committed bad faith is properly brought as a bad-faith claim under Florida law. (Id.). Nationwide further argues that Plaintiffs should not be allowed to amend the complaint to allege a bad-faith claim because the statute of limitations has run. (Id. at 12-16).

The Court does not reach the merits of Nationwide's arguments. Regardless of whether the claim is pleaded as one for declaratory judgment or one for common-law bad faith, Count III suffers from the same defect as Counts I and II. Plaintiffs fail to adequately allege an injury-in-fact sufficient to demonstrate their standing to sue.

Plaintiffs allege that Nationwide breached its duty of good faith in several ways, including by failing to settle Wesbey's claims within the policy limits when it could have done so and by failing to advise Plaintiffs of the likelihood of an excess verdict. (Doc. # 9 at ¶ 27). Plaintiffs further allege that Wesbey's claims, which were settled, "resulted in damages which exceeded their policy limits by $450,000.00, resulting in the functional equivalent of an excess judgment[.]" (Id. at ¶¶ 7, 24). Plaintiffs therefore seek a declaration that Nationwide breached its fiduciary duties, "thereby committing common law bad faith." (Id. at 8).

Only one allegation within Count III suggests that

9

Plaintiffs suffered an injury as a result of Nationwide's alleged bad faith: the existence of "the functional equivalent of an excess judgment." (Id. at ¶ 24). That allegation refers to the parties' Stipulation, which incorporates a "Cunningham agreement." (Doc. # 43 at 4; Doc. # 44 at 2). For the reasons explained below, the Court finds that "the functional equivalent of an excess judgment" under a Cunningham agreement does not suffice, by itself, to demonstrate standing to sue in federal court.

Florida courts generally require that an excess judgment be entered against an insured before a bad-faith claim is available. Perera v. U.S. Fid. & Guar. Co., 35 So. 3d 893, 899-902 (Fla. 2010). Exceptions to the rule exist, including the procedure approved by the Florida Supreme Court in Cunningham. Id. at 899-902. In that case, the parties stipulated to try a bad-faith claim prior to the underlying negligence claim. Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 180 (Fla. 1994). The parties agreed that, if no bad faith were found, the negligence claim would be settled for the policy limits and the insured would not be subject to an excess judgment. Id. The Florida Supreme Court reasoned that the stipulation "dispensed with the necessity" of an excess judgment because the stipulation was the "functional equivalent of an excess judgment." Id. at 182.

10

A <u>Cunningham</u> agreement essentially allows a bad-faith claim to be proceed – without being vulnerable to a motion to dismiss for failure to state a claim – before the underlying tort case is concluded. <u>United Servs. Auto. Ass'n v. Jennings</u>, 731 So. 2d 1258, 1259 (Fla. 1999). Whether Plaintiffs suffered an injury-in-fact, under federal law, presents a different question.

Although Plaintiffs have alleged that Wesbey's claims resulted in the functional equivalent of an excess judgment, that vague allegation does not suggest that Plaintiffs, themselves, suffered "a concrete, particularized, and either actual or imminent" injury within the meaning of Article III. <u>Kawa Orthodontics, LLP</u>, 773 F.3d at 246. By definition, a <u>Cunningham</u> agreement protects an insured from an excess judgment because it provides that the underlying tort claims will settle for the policy limits if no bad faith is found. <u>Perera</u>, 35 So. 3d at 899. Plaintiffs allege no additional harm, economic or otherwise, resulting from Nationwide's alleged bad faith, and this Court may not speculate about an injury not asserted. <u>Kawa Orthodontics, LLP</u>, 773 F.3d at 246.

This conclusion is confirmed by a review of the specific terms of the Stipulation.[3] (Doc. # 11-1). The Stipulation

---

[3] Although the Stipulation is not attached to the Amended Complaint, Plaintiffs specifically reference the Stipulation in their response to the Motion to Dismiss, they attached the

11

provides that, if no bad faith is found, Wesbey is entitled to recover only the policy limits of $100,000.00 and releases Plaintiffs from all other claims. (Id. at 3, ¶ 4). If Nationwide is found to have acted in bad faith, Nationwide is required to pay Wesbey $450,000.00 in full and complete settlement of Wesbey's claims against Plaintiffs. (Id. at ¶ 5). Under either scenario, Plaintiffs suffer no particularized, concrete, or actual injury.

Even if "the functional equivalent of an excess judgment" sufficed to establish an injury, it is at least questionable whether that injury is causally connected to Nationwide's conduct, under the second prong of the standing inquiry. Kawa Orthodontics, LLP, 773 F.3d at 245. An injury must be "fairly traceable" to the defendant's challenged conduct, rather than to the actions of a third party or to the plaintiff himself. Swann v. Sec'y, Ga., 668 F.3d 1285, 1288-89 (11th Cir. 2012). Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future

---

Stipulation to their Motion to Remand, and its authenticity is not challenged. (Doc. # 24 at 4; Doc. # 11-1). Consideration of the Stipulation thus comports with the safeguards offered under Rule 12(b)(6) and does not convert the instant Motion to a factual attack on jurisdiction. See Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284-85 (11th Cir. 2007) (on a Rule 12(b)(6) motion to dismiss, approving consideration of document outside of the pleadings where it was referred to in the complaint, it was central to the plaintiff's claim, the plaintiff had notice of its consideration, and neither party challenged its authenticity).

12

harm that is not certainly impending." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1151-53 (2013). In this case, it appears that "the functional equivalent of an excess judgment" was caused by Plaintiffs' own stipulation to that judgment. (Doc. # 9 , Exh. A).

Finally, it does not appear that Plaintiffs' request for declaratory relief will likely redress their alleged injury, as required under the third prong of the standing inquiry. Kawa Orthodontics, LLP, 773 F.3d at 247-48 & n.6 (holding that a declaratory judgment would not redress an economic injury).

## IV. Conclusion

Plaintiffs' Amended Complaint fails to allege facts sufficient to demonstrate Plaintiffs' standing to sue in federal court. Because this case was initially removed from state court, the proper remedy is remand to state court rather than the dismissal requested by Nationwide. McGee v. Solicitor Gen. of Richmond Cty., 727 F.3d 1322, 1325-26 (11th Cir. 2013). The state court may address in the first instance whether the Amended Complaint states claims that are justiciable under Florida law. Esteves v. SunTrust Banks, Inc., 615 F. App'x 632, 637 (11th Cir. 2015).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant's Motion to Dismiss (Doc. # 17) is **GRANTED** as set forth herein;

(2) Due to a lack of subject matter jurisdiction, this action is **REMANDED** to the Sixth Judicial Circuit in and for Pinellas County, Florida;

(3) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of April, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE