UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WRIGHT INSURANCE AGENCY,
INC., et al.,

    Plaintiffs,
v.                           Case No. 8:15-cv-1857-T-33JSS

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Nationwide Mutual Fire Insurance Company's Motion for Reconsideration (Doc. # 47), to which Plaintiffs Wright Insurance Agency, Inc. and Anthony Wright have responded in opposition (Doc. # 48). For the reasons that follow, Defendant's Motion is DENIED.

**I.**    **Background**

Plaintiffs originally filed this action in state court. (Doc. # 2). Defendant removed the case pursuant to this Court's diversity jurisdiction. (Doc. # 1). Thereafter, Defendant moved to dismiss Counts I and II of the Amended Complaint for lack of standing and to dismiss Count III for failure to state a claim for relief. (Doc. # 17).

On April 15, 2016, the Court entered an order holding that Plaintiffs failed to demonstrate standing to sue with respect to Counts I and II. (Doc. # 45 at 8). The Court also

held, sua sponte, that Plaintiffs failed to demonstrate standing to sue with respect to Count III. (Id. at 9). Because the case had been removed from state court, the Court explained that "the proper remedy is remand to state court rather than the dismissal requested by [Defendant]." (Id. at 13). Accordingly, the Court remanded the case to state court "[d]ue to a lack of subject matter jurisdiction." (Id. at 14).[1]

In the instant Motion, Defendant argues that the Court erred in holding that Plaintiffs failed to demonstrate standing to sue with respect to Count III. (Doc. # 47 at 6-11). In response, Plaintiffs maintain that remand was proper. (Doc. # 48 at 1-2).

## II. Legal Standard and Discussion

Pursuant to 28 U.S.C. § 1447(d), an order remanding a case based on a lack of subject matter jurisdiction "is not reviewable on appeal or otherwise." Cogdell v. Wyeth, 366 F.3d 1245, 1246-47 (11th Cir. 2004). "Section 1447(d) bars not only appellate review of a remand order, but also reconsideration of the order by the remanding district court." Burr & Forman v. Blair, 470 F.3d 1019, 1034 (11th Cir. 2006).

---

[1] Defendant incorrectly asserts that this Court dismissed Counts I and II and remanded Count III. (Doc. # 47 at 4). As the Order states, the entire case was remanded. (Doc. # 45 at 8, 13-14).

In the April 15, 2016, Order, the Court determined that Plaintiffs failed to allege standing to sue on any claim. (Doc. # 45 at 8, 13-14). As a result, the Court remanded the case based on a lack of subject matter jurisdiction. (Id. at 14); McGee v. Solicitor Gen. of Richmond Cty., 727 F.3d 1322, 1326 (11th Cir. 2013) ("Absent standing, the District Court lacked subject matter jurisdiction."). Because the Court remanded the case based on a lack of subject matter jurisdiction, 28 U.S.C. § 1447(d) bars the Court from reconsidering the April 15, 2016, Order. Hill v. Vanderbilt Capital Advisors, LLC, 702 F.3d 1220, 1225 (10th Cir. 2012) (holding that a remand order based on lack of standing was not reviewable, pursuant to 28 U.S.C. § 1447(d)); accord Roberts v. BJC Health Sys., 452 F.3d 737, 738-39 (8th Cir. 2006); Dempsey v. JP Morgan Chase Bank, N.A., 272 F. App'x 499, 503-04 (7th Cir. 2008).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion for Reconsideration (Doc. # 47) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE